## Case No. 8,721.

### McCORMICK v. JEROME et al.

[3 Blatchf. 486.] [1]

Circuit Court, S. D. New York. July 9, 1856.

INJUNCTION—DELAY IN SERVICE — ATTACHMENT—LACHES—NEW APPLICATION.

1. Where an order granting an injunction was made, and the writ of injunction issued thereon was not tested till more than six weeks afterwards, and was not served till within seven days of one year after the day of its teste: *Held*, that a disobedience of the writ would not be punished by attachment.

2. After such a lapse of time, the plaintiff should, before using the writ, apply to the court for authority to do so.

This was an order to show cause why a writ of attachment should not issue against

_____

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the defendants [Edward T. Jerome and Moses Jerome] for disobeying a writ of injunction [by Cyrus H. McCormick] issued and served in this cause.

Edward N. Dickerson, for plaintiff.

William A. Hardenbrook, for defendants.

BETTS, District Judge. The objections set up by the defendants go rather to show, that the plaintiff has no right to the injunction, than to deny its violation or to excuse the disobedience. But there is a question touching the regularity of the plaintiff's proceedings, which the court cannot overlook, and which will avoid his right to the attachment prayed for.

The order granting the injunction was made April 28th, 1855. The writ issued thereon was tested June 11th, 1855, but was not served on the defendants until June 4th, 1856; nor is it made to appear whether the writ was taken out at the time of its teste, or was obtained at the time of its service, and ante-tested, so as to appear to have been issued during the term at which it was awarded.

Either mode of practice would, in my judgment, be unwarrantable and irregular. The writ emanated as the mandate of the court in relation to facts then in its view, staying them as unlawful, and interdicting their continuance or subsequent repetition. It was authorized on the assumption that its corrective power was then required, and would be immediately exercised, although, after it should once be served, it would unedly continue its action until withdrawn by order of the court. But it would be manifestly against the nature of the relief, for the court to place a process of that high character in the hands of a party to be used at his discretion, whenever he may determine that a new act committed by the defendant violates the order of the court.

If it be compatible with the nature of the remedy to issue the writ on any condition subsequently to occur, that condition should be incorporated in the order, or appear upon the face of the process, and could never be left at the option and control of the party obtaining the order.

The plaintiff, if he found no necessity for the aid of the court when the writ was awarded, but supposed, a year subsequently, that one has arisen, should have applied to the court on the new facts, and have procured an authorization to use the process under such change of circumstances. None such was given to him by the court.

Nor does the process import such authority from the mere seal upon the writ. Although not technically made returnable in court, yet the nature of all intermediary or final process of the court requires that it shall be served or put in execution before a stated term of the court intervenes after its award. The teste, which verifies its authority, ceases

to give it the character of a mandate of the court, for any primary action thereon, when the term during which the power was granted has terminated.

In my opinion, therefore, the plaintiff was bound to procure the direction of the court, after such a lapse of time, before he could take out the writ of injunction, or use it if previously in his hands, and the neglect of the defendants to obey it, on the existing state of facts, cannot be punished by attachment.

The motion is accordingly denied.